UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRY LANE ET AL** | **CASE NO. 2:22-CV-05095** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 23] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiffs' bad faith claims. Plaintiff opposes the motion. Doc. 37.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Sulphur, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs allege that State Farm failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a jury trial before the undersigned on June 24, 2024. Doc. 12.

State Farm now moves for summary judgment on plaintiffs' bad faith claims, arguing that plaintiffs only belatedly disputed State Farm's estimation of damages and will

be unable to show that State Farm acted in bad faith in adjusting their claim. Doc. 23. Plaintiffs oppose the motion. Doc. 27.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute §

22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted).

State Farm maintains that plaintiffs cannot show that it has failed to pay any undisputed amounts. To this end it emphasizes that the claim was initially closed in March 2021, after State Farm had remitted payment under plaintiffs' dwelling coverage based on estimated damages of $7,937.76, and then reopened nearly a year later when plaintiff submitted additional invoices. Doc. 23, att. 3. Plaintiffs retained public adjuster Stevephen Lott, who estimated the total damages to the home at $161,773.54 in a November 2022 report and then $209,741.07 upon a reinspection around February 2024. Doc. 37, atts. 4 & 5. Meanwhile, State Farm had the home reinspected by Titan Construction LLC in September 2023 and obtained a report one month later. The Titan report disputed several claimed elements of damages found by Lott, but also recommended that State Farm pay additional amounts subject to policy terms. Doc. 23, att. 5. These include $2,630.63 for the patio cover, $268.84 for the garage door, $1,618.70 for other exterior repairs, $400.00 for the shed roof, and $810.00 for interior repairs. *Id.* Plaintiffs maintain, and State Farm does

not dispute, that no additional payments have been issued based on this report. State Farm's failure to pay supplements recommended by its own expert, on whom it relies to dispute the other damages claimed by plaintiffs, certainly creates a fact question as to whether it received satisfactory proof of loss on those supplements. Accordingly, the court cannot grant summary judgment on plaintiffs' bad faith claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 23] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of May, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE