UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRY LANE ET AL**                          **CASE NO. 2:22-CV-05095**

**VERSUS**                                    **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**             **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 24] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiffs' claim under Coverage C (Additional Living Expenses). Plaintiffs oppose the motion. Doc. 40.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Sulphur, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs allege that State Farm failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a jury trial before the undersigned on June 24, 2024. Doc. 12.

State Farm now moves for summary judgment on plaintiffs' claim under the policy's Coverage C (Additional Living Expenses). Plaintiffs oppose the motion. Doc. 40.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

As to ALE coverage, the policy states: "When a ***loss insured*** causes the ***residence premises*** to become uninhabitable, ***we*** will pay the reasonable and necessary increase in cost incurred by an ***insured*** to maintain their normal standard of living for up to 24 months." Doc. 24, att. 3, p. 30. Coverage is also available "for a continuous period not to exceed two weeks beginning when a civil authority issues an order of evacuation or prohibits ***your*** use of the ***residence premises*** . . . ." *Id.*

Plaintiff Stephanie Lane testified that she evacuated to Texas for Hurricane Laura, stopped back home for about twelve hours shortly after the storm, and then went on to a

friend's house in Florida for a week. Doc. 24, att. 4, pp. 10–11. She then returned home. *Id.* at 11. Plaintiff Terry Lane did not evacuate. Doc. 24, att. 5, p. 10. According to the claims file, plaintiffs submitted receipts for Mrs. Lane's hotel expenses and mileage from her evacuation on November 30, 2020. Doc. 24, att. 6, pp. 19–20. State Farm issued a payment of $707.29 based on these receipts. *Id.* Plaintiffs also informed State Farm that they were looking for the food receipts from Mrs. Lane's evacuation. *Id.* at 19. On December 7, 2020, State Farm sent a letter to plaintiffs requesting documentation of claimed food expenses. *Id.* at 18. State Farm received no response until February 2021, when plaintiffs submitted a receipt for garage door repair and inquired about reimbursement of their food expenses. *Id.* State Farm responded via email, requesting receipts. *Id.* After receiving no response, State Farm sent a letter to plaintiffs on March 13, 2021, informing them that it was closing their file. *Id.* at 17.

Plaintiffs' opposition focuses only on the fact that they may incur future costs under their ALE coverage, to the extent repairs render their home uninhabitable. The court cannot issue a prospective determination on the amount of coverage owed. The court also agrees with State Farm that the fact that no such loss has yet incurred pretermits any finding of bad faith under this coverage. Accordingly, summary judgment will be granted as to any claims arising under this coverage. The ruling, however, does not impair plaintiffs' ability to seek coverage for any ALE expenses once they are incurred.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 24] will be **GRANTED** and all claims for breach of contract and bad faith arising under the policy's Coverage C (Additional Living Expenses) will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of May, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**