UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TERRY LANE ET AL** | **CASE NO.  2:22-CV-05095** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 25] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of certain claims made by plaintiff under Coverage A. Plaintiffs oppose the motion. Doc. 38.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Sulphur, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs allege that State Farm failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a jury trial before the undersigned on June 24, 2024. Doc. 12.

State Farm now moves for summary judgment on certain claims made by plaintiffs under the policy's Dwelling Coverage (Coverage A). Specifically, argues that 1) plaintiffs

are limited to invoices as the measure of damages for completed repairs and 2) plaintiffs lack evidence of causation for claimed repairs such as drainage improvements and moving the meter box. Plaintiffs oppose the motion. Doc. 38.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Under Louisiana law, "[d]amages may be predicated on estimation only when the loss has not been repaired. If the damaged property has been restored to its former condition by repair, the proper basis for assessing the damage is the repair bill." *Volkswagen of Am., Inc. v. Robertson*, 713 F.2d 1151, 1169 (5th Cir. 1983) (quoting *Lambert v. Allstate Ins. Co.*, 195 So.2d 698, 700 (La. Ct. App. 1st Cir. 1967)). Plaintiffs agree but maintain that

this doctrine only applies to permanent repairs that are adequate to restore the property to its previous state. In particular, they note that they have repaired the garage doors but believe they will need to be fully replaced. Doc. 38, p. 3. State Farm replies, however, that plaintiffs have not claimed any repairs as temporary. It highlights plaintiff Terry Lane's testimony that the west garage door was fully replaced and two panels were replaced on the east door.[1] *See* doc. 25, att. 3, pp. 22–24, 37.

As to the west garage door, the testimony appears to show that the permanent repair (replacement) was achieved. For any other area, plaintiffs may rely on the estimate only if they can show that the completed repairs were not sufficient to restore the property to its former condition and that additional repairs will be needed. Accordingly, the motion will be denied in this regard.

On the issue of causation, plaintiffs have claimed costs for moving their meter box and drainage repairs. State Farm argues there is no evidence linking either to the hurricanes. Plaintiffs address only the meter box in their opposition, pointing to their email correspondence with an electrician who expressed concerns that Entergy would not reconnect the meter box after repairs unless it were relocated. Doc. 38, att. 3. Specifically, he stated:

> Typically, the addition of some structure after the original Entergy service drop requires the meter base or service to be relocated after disconnection (for repairs). We have seen Entergy refuse reconnection, until the offending service drop is relocated. **There is no guarantee that the Entergy field technician will refuse to reconnect**, but I will not risk it, as a professional,

---

[1] State Farm also asserts that there is no support for plaintiffs' position that the limitation to invoices applies only to permanent repairs. But, as the court cited above, the doctrine applies when "the damaged property has been restored **to its former condition** by repair[.]" *Volkswagen of Am., Inc.*, 713 F.2d at 1169 (quoting *Lambert*, 195 So.2d at 700)) (emphasis added). State Farm's position is without merit.

> **I am obligated to make you aware of Entergy's requirements**. And in my opinion, I think that reconnection *could be* denied until we satisfy Entergy'[s] clearance requirements.

Doc. 38, att. 3, p. 2 (emphasis in original). Notably, there is no indication that either party verified Entergy's requirements. To recover for the meter box relocation, plaintiffs will need more than the admitted conjecture of their electrician. At this point, however, it appears they may be able to show that this portion of the repairs was necessary to return electricity to the house after the hurricanes damaged the meter box. Accordingly, summary judgment will be granted as to coverage of the drainage repairs but denied as to the meter box relocation.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 25] will be **GRANTED** as to coverage for the drainage repairs but **DENIED** as to coverage for the meter box relocation and plaintiffs' ability to rely on the estimate for repairs they can show are only temporary.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of May, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE