UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TERRY LANE ET AL**     **CASE NO. 2:22-CV-05095**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**     **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 27] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiffs' claim under Coverage B (Personal Property). Plaintiffs oppose the motion. Doc. 39.

### I.
### BACKGROUND

This suit arises from alleged damage to plaintiffs' residence in Sulphur, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which impacted the same area on October 9, 2020. At all relevant times the home was insured under a policy issued by State Farm. Plaintiffs allege that State Farm failed to timely or adequately compensate them for their covered losses. They filed suit in this court, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1. The matter is set for a jury trial before the undersigned on June 24, 2024. Doc. 12.

State Farm now moves for summary judgment on plaintiffs' claims under the Coverage B (Personal Property). Specifically, it argues that plaintiffs have not complied

with their duties after loss and have yet to present State Farm with satisfactory proof of loss of their damaged contents. Doc. 27. Plaintiffs oppose the motion, claiming coverage for certain non-operable automobiles on their property that were allegedly damaged by storm debris and for future costs of relocating their contents during repairs to their house. Doc. 50.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

The policy provides coverage for personal property up to a limit of $252,000.00. Doc. 27, att. 3, p. 9. This coverage does not extend to:

> c. any engine-propelled or motor-propelled vehicle or machine, including parts, designed for movement on land, except as provided in Special Limits of Liability, item k. However, we do cover those vehicles or machines:
> (1) that are:
> (a) not designed for travel on public roads; and
> (b) not subject to motor vehicle registration;
> (2) and that are:
> (a) used primarily to service the *insured location*; or
> (b) designed for assisting persons with disabilities[.]

*Id.* at 29 (emphasis in original).[1] The policy also imposes certain "Duties After Loss" on the insured, including "protect[ing] the property from further damage or loss;" "prepar[ing] an inventory of stolen or damaged personal property;" and "provid[ing State Farm] with any requested records and documents[.]" *Id.* at 42.

Plaintiff Terry Lane provides an affidavit, attesting that he pointed out the damaged vehicles to State Farm's adjuster during an October 2020 inspection but was never told that these items could be covered as contents. Doc. 39, att. 2. Accordingly, he states that he did not submit a contents list. He also maintains that he will incur additional costs under Coverage B when he must move his belongings out of the home during repairs. *Id.* Plaintiffs do not point to any other alleged damages under this coverage.

From the terms of the policy, there appears to be no coverage for plaintiffs' vehicles. Regardless of whether they were operable on the date of loss, they were still passenger automobiles and thus "designed for travel on public roads." Doc. 27, att. 3, p. 29. Additionally, the fact that State Farm did not affirmatively inform plaintiffs of the terms of

---

[1] The applicable "Special Limit of Liability" is $1,000 for
> commercially manufactured two, three, or four wheeled personal conveyances powered only by or assisted by an unmodified motor or engine with a manufacturer's power rating of no more than 1 horsepower and capable of a top seed of no more than 20 miles per hour.

Doc. 27, att. 3, p. 28.

their policy is insufficient to show any misrepresentation even if plaintiffs did have contents losses covered under the policy. As for costs associated with moving items during repairs, the court cannot find a breach of contract or bad faith based on plaintiffs' conjecture that they may eventually be entitled to coverage. Accordingly, State Farm's motion must be granted.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 27] will be **GRANTED** and all claims for breach of contract and bad faith arising under the policy's Coverage B (Personal Property) will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of May, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE